KITCHENS, Justice,
dissenting:
¶ 24. I am unable to agree with the majority’s finding that the trial court did not abuse its discretion in denying Brown’s discovery request. Brown argues that he is entitled to all records pertaining to his conviction and sentence, as well as the investigation and prosecution of his case, pursuant to Mississippi Rule of Appellate Procedure 22(c)(4)(ii). The majority finds that Rule 22(c)(4)(ii) is inapplicable because it pertains to matters “Preliminary to Proceedings in the Supreme Court,” and because the rule is intended to allow a petitioner to gather information to support an application to this Court for leave to file a motion for post-conviction relief in the trial court. Maj. Op. at ¶ 7. Thus, the majority finds that, once Brown was granted leave by this Court to file his application for post-conviction relief pursuant to Mississippi Code Sections 99-39-13 through 99-39-23, he was required to show good cause in order to obtain discovery pursuant to Mississippi Code Section 99-39-15. Maj. Op. at ¶ 8. I agree with the majority’s analysis of Rule 22(c)(4)(ii) and its applicability to matters before this Court; however, I am persuaded that Brown has shown good cause under Section 99-39-15 for the discovery of all files pertaining to his conviction and sentence, as well as flies from the investigation and prosecution of his case. Without these files, Brown is without the means to develop an evidentiary basis to prove his claim of ineffective assistance of counsel. Accordingly, the majority is remiss in concluding that Brown failed to show that he received ineffective assistance of counsel, given that he did not have available to him all of the information that pertained to this case for possible development of that claim.
¶ 25. Brown was granted leave of this Court, in part, to appeal on the issue of whether his lawyers’ failure to seek an independent mental evaluation constituted ineffective assistance of counsel. Brown v. State, 749 So.2d 82, 93 (Miss.1999). This Court directed Brown to file all discovery requests with the trial court. Id. In the interim, Rule 22(c)(4)(h) was revised in 2000 to include its present-day language, which provides:
Upon appointment of counsel, or the determination that the petitioner is represented by private counself,] the petitioner’s prior trial and appellate counsel shall make available to the petitioner’s post-conviction counsel their complete files relating to the conviction and sentence. The State, to the extent allowed by law, shall make available to post-conviction counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed and the prosecution of the petitioner.
(Emphasis added.) Pursuant to this rule, Brown filed a motion with the trial court seeking discovery of all the files of his trial counsel, as well as the complete flies of law enforcement and prosecutorial agencies involved in the investigation and prosecution of the capital murder charge against him. Brown’s motion was denied by the trial court.
¶ 26. Because Brown did not have benefit of the current version of Rule *735 22(c)(4)(ii) at the time he applied for leave of this Court to file an application for post-conviction relief with the trial court, even if Rule 22(c)(4)(ii) does not apply at this stage of the proceedings, I believe Brown has shown good cause for discovery pursuant to Section 99-39-15, as he has never received the complete files related to his conviction and sentence. The majority reasons that, since the case was remanded on the issue of whether counsel was ineffective in failing to obtain an independent mental health expert, then Brown was entitled to his mental health records only. However, without benefit of one hundred percent of the files pertaining to the investigation, prosecution, conviction, and sentencing of the charged crime of capital murder, Brown did not have access to essential material with which to attempt to develop and assert his claim of ineffective assistance of counsel.
¶27. Because discovery was withheld from Brown, I cannot agree that his ineffective assistance of counsel claim can be decided on its merits. The appropriate disposition for the instant case is a remand to allow for discovery, followed by a new evidentiary hearing on the issue of ineffective assistance of counsel, as it relates to a lack of mitigating evidence via an independent mental health expert of Brown’s choosing.
KING, J., JOINS THIS OPINION. DICKINSON, P.J., JOINS THIS OPINION IN PART.